**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI**

IN RE: MARY MILES                                             NO. 11-00070-NPO

GREEN TREE SERVICING LLC                                      MOVANT

VS.

MARY MILES, DEBTOR AND
HAROLD J. BARKLEY, JR., TRUSTEE                               RESPONDENTS

<u>ORDER ON MOTION TO ABANDON COLLATERAL AND LIFT STAY (DKT #8)</u>

This matter having come on before this Court on the motion of Green Tree Servicing
LLC ("Green Tree") to abandon collateral pursuant to 11 U.S.C. § 554 and to lift and terminate
the automatic stay of 11 U.S.C. § 362 and the Court having considered the motion at a duly
noticed hearing and having found that the motion should be denied subject to certain terms and
conditions.

IT IS THEREFORE ORDERED AND ADJUDGED AS FOLLOWS:

1.      Debtor is indebted to Green Tree under a Retail Installment Contract and Security
Agreement. As collateral for the indebtedness due, Debtor pledged to Green Tree a 1999
Chandeleur Manufactured Home, including certain furniture, fixtures, appliances and
appurtenances thereto as evidenced by the certificate of title.

2.      This Order shall control the treatment of Green Tree under Debtor's plan as
confirmed. Debtor's plan is hereby modified to treat Green Tree as follows:

(a)     Green Tree will be paid by the Trustee through the plan the sum of
$16,971.07 (which includes Green Tree's fees and expenses of $550.00) plus 7% interest over
the life of the plan on its secured claim;

(b)     Green Tree will be paid by the Trustee through the plan the sum of
$514.63 (for insurance payments through June, 2011) as a special claim; and

1

    (c)    Commencing with the August, 2011 insurance payment due, the Trustee shall pay to Green Tree the sum of $63.04 per month for insurance as a special claim.

    3.    This Order shall govern Green Tree's treatment under any plan and is hereby incorporated therein. The Trustee may adjust the wage order as necessary to provide for the increased plan payments. This Order shall become immediately effective and enforceable upon its entry and shall not be stayed by Bankruptcy Rule 4001 (a)(3).

Neil P. Olack
United States Bankruptcy Judge
Dated:  May 6, 2011

Approved:

_____
Attorney for Debtor

_____
Attorney for Green Tree
Servicing LLC

**Signature Affixed**

_____
Trustee

Submitted by:
Jeff D. Rawlings
Rawlings & MacInnis, P.A.
P.O. Box 1789
Madison, MS 39130-1789
(601)898-1180
jeffdrawlings@bellsouth.net
MSB # 4642

(c)   Commencing with the August, 2011 insurance payment due, the Trustee shall pay to Green Tree the sum of $63.04 per month for insurance as a special claim.

3.   This Order shall govern Green Tree's treatment under any plan and is hereby incorporated therein. The Trustee may adjust the wage order as necessary to provide for the increased plan payments. This Order shall become immediately effective and enforceable upon its entry and shall not be stayed by Bankruptcy Rule 4001 (a)(3).

Approved:

_____Signature Affixed_____

Attorney for Debtor

_____Signature Affixed_____

Attorney for Green Tree
Servicing LLC

_____

Trustee

Submitted by:
Jeff D. Rawlings
Rawlings & MacInnis, P.A.
P.O. Box 1789
Madison, MS 39130-1789
(601)898-1180
jeffdrawlings@bellsouth.net
MSB # 4642

2.